**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

W. SCOTT HARKONEN, M.D.,

Defendant-Appellant.

No.    15-16844

D.C. No. 3:08-cr-00164-RS-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Argued and Submitted May 15, 2017
San Francisco, California

Before:  KLEINFELD and WARDLAW, Circuit Judges, and MORRIS,[**] District
Judge.

Scott Harkonen appeals from the district court's order denying his petition

for a writ of error coram nobis.  A jury convicted him of wire fraud in violation of

18 U.S.C. § 1343.  We affirmed his conviction on direct appeal.  We have

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]       The Honorable Brian M. Morris, United States District Judge for the
District of Montana, sitting by designation.

jurisdiction under 28 U.S.C. § 1291, review the district court's denial of Harkonen's petition de novo, United States v. Riedl, 496 F.3d 1003, 1005 (9th Cir. 2007), and affirm.

**1.** Harkonen contends that the Supreme Court, in Matrixx Initiatives, Inc. v. Siracusano, 563 U.S. 27 (2011), announced a new rule that requires vacating his conviction. Coram nobis is an extraordinary remedy, and a coram nobis petitioner may only relitigate the merits of an issue previously decided on direct appeal if he identifies a change in controlling law or makes a showing of "manifest injustice." Polizzi v. United States, 550 F.2d 1133, 1135–36 (9th Cir. 1976). We previously rejected the applicability of the Matrixx decision on direct appeal. United States v. Harkonen, 510 F. App'x 633, 638 (9th Cir. 2013), cert. denied, 134 S. Ct. 824 (2013). Harkonen points to no change in controlling law. His proffered evidence—though compelling, especially in light of Matrixx—does not establish that his trial resulted in a manifest injustice warranting issuance of the writ.

**2.** Harkonen contends for the first time in his coram nobis petition that his trial counsel's performance was constitutionally deficient. His trial counsel, Harkonen says, should have called an expert witness in biostatistics or

pulmonology to challenge the government's contention that Harkonen misrepresented the results of a scientific study of the drug Actimmune. In preparation for trial, Harkonen's defense team consulted at great length with a number of highly qualified potential expert witnesses, including a biostatistician and a pulmonologist. But on the eve of the defense case in chief, trial counsel decided not to call these experts, even though they were prepared to testify. In his closing argument, Harkonen's trial counsel explained:

> [W]ay back at the beginning of the case, when we didn't really know what the evidence [was] in this case, how it was going to be, I told you that we were going to call experts in this case. It turned out that our experts came in the government's case: Dr. Crager, and by his absence, Dr. Pennington and Dr. Bradford, and certainly Dr. Porter.

"[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable" on Sixth Amendment grounds. Strickland v. Washington, 466 U.S. 668, 690 (1984). Later testimony of the biostatistician confirmed that Harkonen's trial counsel had expressed last minute concerns with the strength and focus of his planned testimony given the apparent success of trial counsel's cross examinations of the government's experts. Later testimony of the pulmonologist showed that at least some of his planned testimony could have detracted from Harkonen's case. And later testimony of

3

Harkonen's independent legal advisor revealed that "[a]t the time, Dr. Harkonen and I both agreed that if [trial counsel]'s assessment of [the] dangers of calling expert witnesses [were] accurate, his decision not to call them was correct." In these circumstances, trial counsel's informed decision not to call an expert was "a judgment call within the range of decisions falling within Strickland's standard of competent counsel," Jackson v. Calderon, 211 F.3d 1148, 1158 (9th Cir. 2000), not a fundamental error in the proceedings warranting the extraordinary remedy of coram nobis.

**3.** Given the availability of ample evidence from both sides concerning the decision not to present expert testimony—including sworn declarations from Harkonen's defense team, his independent legal advisor, and the expert witnesses the defense team chose not to call—the district court did not abuse its discretion in declining to hold an evidentiary hearing. Harkonen's contention that his trial counsel misjudged the need for expert testimony, even if proven, would not entitle him to relief in these circumstances.[1]

---

[1] Because we hold that Harkonen failed to establish that his trial resulted in manifest injustice; failed to show his trial counsel's decision not to call an expert witness was not a judgment call by competent counsel; and failed to show the district court abused its discretion in declining to hold an evidentiary hearing, we need not reach whether his petition for coram nobis was timely.

**AFFIRMED.**